UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kaheem Ware,<br><br>    Plaintiff,<br><br>    v.<br><br>Smyrna Ready Mix Concrete, LLC,<br><br>    Defendant. | CASE NO.: 2:25-cv-4329-DCN-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

### JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of racial discrimination and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from EEOC on or about March 3, 2025.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Kaheem Ware, is a citizen and resident of the State of South Carolina, and resides in Orangeburg County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Smyrna Ready Mix Concrete, LLC, is upon information and belief, a foreign corporation organized in the State of Tennessee and operating and doing business under the laws of the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about September 5, 2023, Plaintiff (African American) began working for Defendant as a mixer operator driver. At all times, Plaintiff was effective and efficient in his employment.

11. During Plaintiff's employment, Plaintiff was subjected to racial discrimination by a maintenance mechanic, Mark Lyon, and inappropriate sexual comments by Defendant's client's employee, Doug.

12. On the scheduling board Mr. Lyon would write Plaintiff in as "Cracky Chan." When Plaintiff asked why he wrote that on the board, Mr. Lyon stated that he wanted to write "Blacky Chan," and all of Plaintiff's co-workers started calling him both names. Even though the Plaintiff let everyone know that calling him those names was discrimination based on his race and color, it still continued to happen.

13. Doug would constantly say that Plaintiff and another male co-worker were sexual partners and part of the LGBTQ community and would make sexual comments verbally towards Plaintiff. Plaintiff would constantly tell him to stop, but he never did.

14. Plaintiff reported the racial discrimination and sexual harassment to Human Resources for Smyrna, but nothing was done.

15. On November 10, 2023, after the complaints of racial discrimination and sexual harassment, and Defendant's failure to address the complaint, Plaintiff was constructively discharged.

16. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

17. Despite his reporting the behavior, Defendant did not take appropriate action to resolve the problems and disciplined the Plaintiff for the inappropriate behavior upon him.

18. That the unjust disciplinary actions and constructive discharge of Plaintiff with Defendant was the response by Defendant, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior, including sexual harassment.

19. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

20. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Title VII of Civil Rights Act of 1964 – Sexual Harassment

21. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

22. Defendant, as Plaintiff's employer, was wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual comments that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Doug to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner; and

   c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

23. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered mental injuries.

24. As a direct and proximate result of the acts and practices of Defendant in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Title VII of Civil Rights Act of 1964 - Racial Discrimination

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and constructively discharged based on his race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

27. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.    In failing to continue to employ Plaintiff due to his race, color or national origin;

    b.    In showing preferential treatment to white employees and detrimental treatment to Plaintiff; and

    c.    In discharging Plaintiff due to his race, color or national origin and in retaliation for filing reports of the discriminations and inappropriate behaviors.

28. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

29. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

30. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

31. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

32. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

33. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Title VII of Civil Rights Act of 1964 - Retaliation

34. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

35. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions. Upon reporting the detrimental treatment and discrimination based on his race, color or national origin, and sexual harassment, Plaintiff was constructively discharged from his position in retaliation for asserting his rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

36. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

37. The Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

38. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

39. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A FOURTH CAUSE OF ACTION
### Constructive Discharge

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. The Defendant's wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

42. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

43. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## REQUEST FOR RELIEF

44. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

45. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

46. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
May 21, 2025